UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-mc-21372-JAL

PDV USA, INC.,

 Petitioner,

v.

COMMUNICATION SOLUTIONS, INC. and
ESTHER NUHFER,

 Respondents.
_____/

**ORDER**

 **THIS CAUSE** is before the Court upon Petitioner, PDV USA, Inc.'s, Motion to Compel Respondents' Compliance with Subpoenas and for Fees and Costs (ECF No. 1). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Court Judge, for an Order on Petitioner's Motion (ECF No. 4). Respondent filed a Response to the Motion to Compel (ECF No. 16), to which Petitioner filed a Reply (ECF No. 20). A hearing was held on the matter on August 16, 2022. Having considered the Motion, Response, Reply, the docket as a whole, and with the benefit of oral argument, Petitioner's Motion is **GRANTED**. The disputes were resolved in open court; this Order memorializes but does not amend any of those rulings.

**I. BACKGROUND**

 Petitioner initiated a breach of contract suit in the Southern District of New York against Interamerican Consulting, Inc., alleging that Defendant Interamerican Consulting, Inc. ("Interamerican") failed to render any consulting services as part of a 2017 Consulting Agreement ("Agreement") under which Petitioner was to pay $50 million to Interamerican over a three-month

period in exchange for strategic consulting services. *See PDV USA, Inc. v. Interamerican Consulting Inc.*, No. 1:20-cv- 03699 (S.D.N.Y. 2020). In addition to claims for breach of contract and indemnity, Petitioner asserted a claim for unjust enrichment. Interamerican asserted counterclaims, alleging that it had fully performed under the Agreement and is owed the unpaid balance by PDV USA. Petitioner avers that, as part of the Agreement, $4.5 million was funneled to Communication Solutions Inc. ("Communication Solutions") and Esther Nufer (collectively, the "Respondents") through Interamerican. Thus, Respondents are likely to possess relevant documents. (ECF No. 1 at 2).

On May 3, 2022, Petitioner initiated this action by filing the subject Motion to Compel compliance with subpoenas served upon Respondents on April 6, 2022. Copies of the two subpoenas and proof of service are attached to the Motion (ECF No. 1-2 at 56–107). Petitioner seeks an order enforcing compliance with the two subpoenas served on Respondents: a Subpoena to Produce Documents directed to Communication Solutions and a Subpoena to Produce Documents directed to Esther Nuhfer (collectively, the "Subpoenas"). The Subpoenas seek information related to documents and communications concerning the Agreement and any related subcontracts and payments. Specifically, the Subpoenas seek documents and communications concerning (a) the Agreement and the Underlying Action; (b) relevant subcontracts; (c) certain meetings involving Former U.S. Congressman David Rivera that Ms. Nuhfer may have attended; (d) relevant payments concerning the Agreement, including payments to or from the other subcontractors and other entities/individuals potentially involved in the Agreement; (e) two discrete issues derived from emails to or from Ms. Nuhfer produced in the Underlying Action; and (f) Ms. Nuhfer's ownership interest in Communication Solutions. (*Id.* at 6–7).

The Motion represents that despite conferring with counsel for Ms. Nuhfer and Communication Solutions, Respondents have not complied with the Subpoenas, served objections to the Subpoenas, or moved to quash the Subpoenas within the time to do so pursuant to Federal Rule of Civil Procedure 45(d) (ECF No. 1 at 2). In response, Respondents move to quash the Subpoenas, predicated on Fifth Amendment privilege as applied to Communication Solutions and Ms. Nuhfer. Respondents also argue that they are non-parties to the underlying lawsuit; the Subpoenas are overbroad and seek documents the Petitioner appears to already have from other parties; and answering the Subpoenas would cause financial hardship to Ms. Nuhfer, who is currently defending herself in a federal investigation. As explained further below, because the Fifth Amendment privilege is inapplicable to either Respondent in this case, Respondents' motion to quash is denied, and Petitioner's Motion is granted.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 45, a party to an action may command the production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person regularly transacts business. Fed. R. Civ. P. 45(c)(2)(a). Further, "[a]t any time on notice to the command person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

Rule 45 provides that a subpoenaed non-party "commanded to produce documents or tangible things" must serve any objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Generally, a non-party's failure to file written objections to a subpoena within the applicable timeframe results in waiver of the right to object to enforcement of the subpoena. *See, e.g., Sun Cap. Partners, Inc. v. Twin City*

*Fire Ins. Co.*, No. 12-CIV-81397, 2016 WL 1658765, at *4 (S.D. Fla. Apr. 26, 2016) (noting that "[f]ailure to timely file a written objection to a subpoena will generally result in waiver of the right to object to enforcement of the subpoena"); *Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) (finding the defendant waived the right to object to the subpoena because the "failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objection, as does failing to file a timely motion to quash").

The Subpoenas in question were issued from the Southern District of New York and required Respondents to produce the requested documents in Miami, Florida, within 100 miles of the place of production for the Subpoenas, which is 600 Brickell Avenue, Miami, Florida 33131. *See* (ECF No. 1-2 at 8, 24). The Subpoenas were served on Respondents by mail. Thus, Petitioner has complied with the requirements of Rule 45(c)(2)(a).

### a. The Subpoenas Were Properly Served

Petitioner argues that the Subpoenas were properly served on Respondents in accordance with Rule 45. Petitioner contends that the Subpoenas were received by mail at a UPS box registered to Communication Solutions and Ms. Nuhfer on April 6, 2022, thus, constituting proper service. (ECF No. 1 at 9). Respondents concede that service of the Subpoenas was proper. Accordingly, the Court addresses timeliness.

### b. Respondents Failed to Timely Object

Petitioner argues that Respondents failed to timely object, thus, waiving their rights to object to producing all non-privileged information responsive to the Subpoenas. (*Id.* at 11). Petitioner argues that the time to serve objections or produce documents, April 20, 2022, has passed, and Respondents have waived their rights to object as a result. Petitioner cites caselaw for

the proposition that failure to timely raise objections results in waiver. In *Madeline L.L.C. v. Street*, a party to a lawsuit in the Southern District of New York served a subpoena upon a non-party, who then failed to respond within 14 days, thus resulting in waiver. 2009 WL 1563526, at *1 (S.D. Fla. June 3, 2009) ("Failure to timely raise objections results in waiver."); *see also Whatley*, 2020 WL 2616209, at *3 ("failure to serve any objections in the time provided constitutes a waiver of any objections"); *Carrol v. TheStreet.com, Inc.*, 2013 WL 12383301, at *1 (S.D. Fla. Apr. 15, 2013) ("failure to serve written objections to a subpoena generally waives any objections").

In its Response, Respondents argue that unusual circumstances exist when: a subpoena is overbroad; the subpoenaed witness is a non-party acting in good faith; and the subpoenaed party and counsel for the subpoenaing party were in contact concerning compliance prior to Respondents' response here challenging Petitioner's Motion. Petitioner contends that the Court need only find one of these circumstances apply to consider an untimely objection.

The failure to timely respond, object, or move to quash could support a finding that Respondents here waived any objection to the Subpoenas. Notwithstanding, the Court recognizes the conferral efforts that occurred between counsel before the motion was filed and considered the objections and assertion of privilege.

    c. **Invocation of the Fifth Amendment**

Respondents' motion to quash Petitioner's Subpoenas is predicated upon an invocation of Fifth Amendment rights. Respondents proffer that Ms. Nuhfer would invoke her Fifth Amendment privilege against self-incrimination if deposed yet the production of documents requested by Petitioner would effectively violate her Fifth Amendment privilege. Petitioner by contrast argues

that the Fifth Amendment is not available to either Ms. Nuhfer or Communication Solutions as a privilege against producing documents in response to the Subpoenas.

Respondents argue that the privilege can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory. *See United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir. 1991) (quoting *Kastigar v. United States*, 406 U.S. 441, 445 (1972)). Respondents argue that the underlying lawsuit is inextricably intertwined with the federal investigation against Rivera and Ms. Nuhfer. Thus, Respondents reason that the Court should quash the Subpoenas directed at Ms. Nuhfer. (ECF No. 16 at 10–11).

Petitioner argues that "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief" so long as "the creation of those documents was not 'compelled[.]'" *United States v. Hubbell*, 530 U.S. 27, 35–36 (2000). Thus, the content of the documents is irrelevant, and Petitioner argues, and Ms. Nuhfer does not state otherwise, that she was not compelled to create documents. (ECF No. 20 at 8).

Petitioner further contends that an act of production is "not testimonial" if either (a) "the Government can show with 'reasonable particularity' that, at the time it sought to compel the act of production, it already knew of the materials," (the "foregone conclusion doctrine") or (b) "the Government merely compels some physical act, *i.e.*, where the individual is not called upon to make use of the contents of his or her mind." *In re Grand Jury Subpoena Duces Tecum*, 670 F.3d 1335, 1345–46 (11th Cir. 2012).

Petitioner's reliance on *Apollo Endosurgery, Inc. v. Kafka*, 2016 WL 7470003 (S.D. Fla. Mar. 15, 2016), is well placed and compels the same conclusion here that the forgone conclusion doctrine applies, and the privilege is unavailable because it has pled knowledge of the existence of all categories of documents it seeks with reasonable particularity. (ECF No. 20 at 8). In *Apollo*,

the defendant sought to preclude the production of documents because the act of production was testimonial, thus, a violation of his Fifth Amendment rights.  However, the court ruled against the defendant on the basis of the foregone conclusion doctrine, because the plaintiff demonstrated with reasonable particularity that the documents sought did exist.  Similarly here, Petitioner has proffered evidence that Respondents have already produced documents related to the Agreement to the Government and as such, Petitioner has demonstrated that the documents it seeks do exist.  Accordingly, Petitioner has demonstrated with reasonable particularity that the categories of documents Petitioner seeks do exist and that there is no cognizable Fifth Amendment privilege afforded to Petitioner with respect to those documents.

Respondents make the same argument above concerning Respondent Communication Solutions.  Citing to *United States v. Doe*, Respondents argue that the U.S. Supreme Court recognized that the Fifth Amendment privilege against self-incrimination could apply in certain instances to business records of a sole proprietorship.  465 U.S. 605 (1984).  Respondents argue that the act of producing documents may be privileged because it conveys some explicit or implicit statement of facts that certain materials exist, are in the subpoenaed individual's possession or control, or are authentic.  *See In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1345 (11th Cir. 2012).

Petitioner argues that as a corporation, Communication Solutions cannot invoke the Fifth Amendment and that a custodian of corporate records must comply with a subpoena ordering production of records "even when the act of production constitutes testimonial self-incrimination." *Grand Jury Subpoena*, 87 F.3d 1198, 1200 (11th Cir. 1996) (emphasis added).  Petitioner argues that Respondents waived their Fifth Amendment rights by producing relevant documents to the government.  *United States v. Scambos*, 2008 WL 3895956, at *4 (W.D. Va. Aug. 19, 2008).

Communication Solutions is not a sole proprietorship under the law; it is a corporate entity. There is no Fifth Amendment right for Communication Solutions, and even if such a right existed, it would have waived this right to the extent of the documents already produced to the Government.

### d. The Scope of Discovery

Petitioner argues that even if the Court found that Respondents had not waived objections as discussed above, the discovery information sought is appropriate under Rule 45. Respondents argue that the information sought is irrelevant, overbroad, and unduly burdensome.

Courts consider the scope of discovery available from a non-party under Rule 45 to be "the same as the scope of discovery under Rule 26." *Marjam Supply Co. of Fla. LLC v. Pliteq*, Inc., 2018 WL 1456614, at *4 (S.D. Fla. Mar. 23, 2018). "In other words, a party may use a Rule 45 subpoena to obtain 'discovery regarding any non-privilege matter that is relevant to any party's claim or defense,'" so long as it is proportionate to the needs of the case. *Sakhil Ctr. at Doral Condo Ass'n, Inc. v. Hanover Ins. Co.*, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019) (quoting Fed. R. Civ. P. 26(b)(1)).

Six factors a court weighs in balancing a requesting party's need for discovery against the burden imposed on a third party include:

> [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Whatley*, 2020 WL 2616209, at *2 (citing *Plouffe v. GEICO Gen. Ins. Co.*, 2017 WL 7796323, at *1-2 (S.D. Fla. Aug. 8, 2017)).

Respondents argue that a party seeking to enforce a subpoena must demonstrate that the evidence gained is relevant, admissible, and specific. Respondents aver that Petitioner requests

irrelevant information related to parties and entities. Petitioner avers that it offered to narrow specific categories in the Subpoenas via letter to counsel. However, the Parties have not yet meaningfully conferred to narrow the requests or their disputes because Respondents had asserted a Fifth Amendment privilege to providing any response, as described above.

Considering the factors mentioned above, I find that Petitioner has established the relevancy of the documents sought; Petitioner has shown a need for the documents; the time period is appropriate; and the Subpoenas generally state with enough particularity the documents sought. Respondents' objections to overbreadth and burden may be addressed in the manner in which Respondents are ordered to comply. For example, it is without dispute that Respondents have already produced documents to the Government in response to the Government's parallel investigation. While Petitioner's requests do not likely overlap perfectly with the Government's subpoena, Respondents' collection and production of documents for that request provide a body of already identified documents from which Respondents' production may be made at little additional burden.

The Court will afford the Parties another opportunity to confer over the scope of the Subpoenas and to address the burden. To this end, Respondents will begin compliance by producing responsive documents from the set they have already produced to the Government. Respondents argue that the Government's subpoena is broader, so production would require parsing out documents that are non-responsive to the instant Subpoenas. This is a strategic decision left to Respondents and their counsel; Petitioner indicated that it would be satisfied (subject to reviewing what is already produced) by receiving a copy of the production made to the Government, and agreed to conditions of confidentiality and non-disclosure, and address Ms. Nuhfer's concerns about producing documents beyond those responsive to Petitioner's Subpoenas.

### e. Fees and Costs

Petitioner asks this Court to award it the process server fees the client incurred trying to serve Respondents. Petitioner argues that Respondents evaded service and their actions caused the service of process to be unnecessarily expensive. Petitioner argues that courts have held that evading service of process renders third parties liable for such costs. In *Xfinity Mobile v. AS Trading Corp.*, the court granted the petitioners' request for sanctions pursuant to the Court's inherent power, and the court awarded attorney's fees and costs after the respondents failed to respond to the petitioners' motion and the court's order to show cause, the latter of which warned Respondents of potential sanctions. 2020 WL 5215097, at *4–5 (S.D. Fla. Sept. 1, 2020).

But this is not a motion for sanctions. This Motion to compel is brought pursuant to Rule 37, which provides that where a party seeking discovery is successful in a motion to compel, the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses <u>incurred in making the motion</u>, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). This distinguishes the present case from *Xfinity Mobile*, as Petitioner's counsel acknowledged at the hearing. Nor are the costs of service costs that were not "incurred in making this motion." Accordingly, the Court will not award Petitioner its service of process costs on the present motion.

### III. CONCLUSION

Accordingly, Petitioner's Motion is **GRANTED**, and Respondents' objections are **OVERRULED**. Respondents shall commence rolling document production, to be completed within fourteen (14) days from the entry of this Order.

A telephonic Status Conference is scheduled for August 31, 2022, at 10:00 A.M. to address any further disputes between the Parties, following conferral, over the documents that will satisfy

Petitioner's Subpoenas.  If disputes remain, the Parties shall file a joint notice on the night before the hearing, succinctly identifying the remaining disputes to be heard at the Status Conference.

As noted at the hearing, pursuant to Local Magistrate Rule 4(a)(1), the period of time to appeal this Order is shortened; any such appeal must be filed by August 22, 2022.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of August 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE